IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shirley A. Young, | ) | C/A No.: 8:13-365-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Carolyn W. Colvin, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Shirley A. Young, brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, as amended, to obtain judicial review of the final decision by the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB).

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision to deny benefits should be remanded. The Magistrate Judge provides a detailed discussion of the undisputed and relevant medical evidence and the standards of law which this court incorporates without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The Commissioner has responded with various objections and the plaintiff has replied thereto.

As an initial matter, the Magistrate Judge recommends that this case be remanded, suggesting that the Appeals Council erred in its review of additional evidence submitted by the plaintiff from Dr. Keith's office and Dr. Esce's office. On pages 1 and 2 of the Appeals Council's decision of December 11, 2012, it states:

> **What We Considered**
>
> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> We also looked at Attorney-Supplied medical records from Phillip Esce MD, dated January 12, 2012; Attorney-Supplied medical records from Phillip Esce, MD, dated April 23, 2012, and Attorney-Supplied medical records from David Keith, MD, dated July 2, 2012. The Administrative Law Judge decided your case through August 26, 2011. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before August 26, 2011.
>
> * * *

On page 5 of the Appeals Council's Notice, the following exhibits were listed:

> Exhibit 18E   Representative Brief from Paul T. McChesney, Esq. Dated October 12, 2011

2

  Exhibit 23F Attorney-Supplied medical records from David Keith, MD, dated January 5, 2011 to May 11, 2011.

  Exhibit 24F Attorney-Supplied Evidence from Upstate Spine and Neurosurgery Center, PC, dated June 14, 2011 to September 20, 2011

  Exhibit 25F Attorney-Supplied medical records from Phillip Esce, MD, dated June 14, 2011 to September 20, 2011

  In objecting to the Report and Recommendation, the Commissioner contends that there was no error by the Appeals Council, but rather the Appeals Council categorized the newly submitted evidence into two groups—Exhibits 18E, 23F, 24F and 25F dealing with 2011 records; and other records of Drs. Esce and Keith from 2012. Attached to the Commissioner's objection memorandum is an affidavit dated August 2, 2014 of Ms. Kathie Hartt, the acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. In her affidavit, Ms. Hartt explains that the Appeals Council considered and incorporated all of the newly submitted evidence from 2011, and found that this information did not provide a basis for changing the ALJ's decision.

  Ms. Hartt further explains that the Appeals Council also addressed evidence submitted from 2012. The Appeals Council found that this new 2012 information pertained to a later time, and therefore did not affect the decision about whether the plaintiff was disabled beginning on or before August 26, 2011. This evidence was, therefore, not made part of the administrative record for the claim before this Court, but instead, returned to the plaintiff for

use in a new claim.

It appears that the Appeals Council did categorize the newly submitted evidence into two groups and considered the 2011 evidence, but not that from 2012.

Because the Magistrate Judge did not have the benefit of Ms. Hartt's affidavit at the time the Report and Recommendation was prepared, the court will return this matter to the Magistrate Judge for reconsideration of the issues surrounding the newly submitted evidence. Accordingly, the court respectfully declines to adopt the Report and Recommendation at this time.

IT IS SO ORDERED.

September 23, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

4